UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABORERS PENSION TRUST FUND
DETROIT AND VICINITY, et al.

    CASE NO. 05-CV-71995

        Plaintiffs,

    PAUL D. BORMAN
-vs-    UNITED STATES DISTRICT JUDGE

H&H CONSTRUCTORS, INC., et al.,

        Defendants, and

HURON VALLEY SCHOOLS,

        Garnishee Defendant.
_____/

## OPINION AND ORDER GRANTING THIRD PARTY GARNISHEE'S MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

Before the Court is Third Party Garnishee Huron Valley Schools' ("HVS") April 30, 2007 Motion to Set Aside Default and Default Judgment. (Doc. No. 55). Plaintiffs Laborers Pension Trust Fund, Laborers Vacation & Holiday Trust Fund, Laborers Metropolitan Detroit Health & Welfare Fund, Laborers Annuity Fund, and Michigan Laborers Training Fund (collectively "Plaintiffs") filed a Response on May 15, 2007. (Doc. No. 57). Having considered the entire record, and for the reasons that follow, the Court GRANTS HVS's Motion.

**I.    BACKGROUND**

This case arises out of Plaintiffs' allegations that Defendants H&H Constructor's, Inc. and HB Contracting Service, Inc. (collectively "Defendants") failed to pay the required fringe benefits under a collective bargaining agreement. Plaintiffs' contentions arise out of a Defendants' performance of a construction project for HVS.

1

On May 19, 2005, Plaintiffs filed a Complaint against Defendants and International Fidelity Insurance Company. Plaintiffs allege ERISA claims against Defendants, and a state law claim against International Fidelity Insurance based on its status as bond surety for the work performed by Defendants.

The Court entered a Default Judgment against Defendants on September 29, 2006. (Doc. No. 30). The Court ordered that Defendants were liable to Plaintiffs for $110,485.15.

On March 21, 2007, Plaintiffs filed separate Non-Periodic Writs of Garnishment for $110,485.15 against Defendants and HVS. (Doc. Nos. 43, 44, 45).

On April 11, 2007, Plaintiffs filed a Certificate of Service that HVS received the garnishment notice on March 23, 2007. (Doc. No. 47).

On April 11, 2007, Plaintiffs also applied for a Clerk's Entry of Default Judgment against HVS. (Doc. No. 48). Plaintiffs based their application on Fed. R. Civ. P. 55(b)(1) and Mich. Ct. R. 3.101(S)(1). Plaintiff maintained that HVS did not submit a verified garnishment disclosure within the fourteen (14) days of being served with the garnishment. Under Rule 3.101(S)(1), Plaintiffs contended that they were entitled to a "default [as] taken in other civil actions."

The following day, Plaintiffs filed a Request for a Clerk's Entry of Default against HVS. (Doc. No. 49).

The Clerk of the Court entered a Default on April 12, 2007 against HVS for failure to respond in a timely manner to Plaintiff's garnishment writ. (Doc. No. 50). The Clerk entered a Corrected Default on April 13, 2007. (Doc. No. 51).

On April 17, 2007, HVS filed a Garnishee Disclosure with the Court. Attached to the disclosure is an April 16, 2007 letter written by Cindy LeMarbe, accounting coordinator for

2

HVS, explaining that she believed that the general contractor Barton Malow was responsible for paying Defendants on behalf of HVS. The letter further states that HVS believed that the amount owed to Defendants was $98,771.93.

On April 18, 2007, this Court entered a Default Judgment against HVS for failure to submit its garnishee disclosure in a timely manner. (Doc. No. 52). The Court ordered that Plaintiffs were to be awarded the full judgment $110,485.15 amount against HVS.

On April 30, 2007, HVS filed a Motion to Set Aside the Default and Default Judgment. HVS argues that the default and default judgment should be set aside for a number of reasons: (1) HVS was not properly served with the garnishment writ; (2) HVS did not receive notice of the Default; (3) the Default Judgment is not a "final" judgment; (4) the amount of the Default Judgment exceeds the amount that HVS owes to Defendants; (5) good cause otherwise exists; and (6) Plaintiffs will not be prejudiced, HVS has a meritorious defense, and HVS' conduct is not culpable.

Plaintiffs respond that HVS has admitted receiving service of the garnishment. Plaintiffs further contend that HVS has failed to demonstrate that good cause or equity requires that the Default and the Default Judgment be set aside.

## II. ANALYSIS

Federal Rule of Civil Procedure 64 specifies the procedure to be followed in federal court in garnishment proceedings:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which

any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action.

The parties agree that in this case Rule 64 makes applicable Mich. Ct. R. 3.101, governing garnishments after judgment. The relevant portions of Rule 3.101 for the purposes of the instant motion provide:

(F)  Service of Writ

  (1)  The plaintiff shall serve the writ of garnishment, a copy of the writ for the defendant, the disclosure form, and any applicable fees, on the garnishee within 91 days after the date the writ was issued in the manner provided for the service of a summons and complaint in MCR 2.105.

  (2)  The garnishee shall within 7 days after being served with the writ deliver a copy of the writ to the defendant or mail a copy to the defendant's last known address by first class mail.

(G)  Liability of the Garnishee

. . . .

  (2)  The garnishee is liable for no more than the amount of the unpaid judgment, interest, and costs as stated in the verified statement requesting the writ of garnishment. Property or debts exceeding that amount may be delivered or paid to the defendant notwithstanding the garnishment.

. . . .

(S)  Failure to Disclose or Do Other Acts; Default; Contempt

  (1)  If a garnishee fails to disclose or do a required act within the time limit imposed, a default may be taken as in other civil actions. A default judgment against a garnishee may not exceed the amount of the garnishee's liability as provided in subrule G(2).

Federal Rule of Civil Procedure 55(c) specifies the standard for setting aside defaults:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

The United States Court of Appeals for the Sixth Circuit has recently clarified the distinction by the legal analysis governing the setting aside of defaults versus the setting of default judgments:

> [I]t is important to distinguish between an entry of default and a default judgment. That is, a stricter standard of review applies for setting aside a default once it has ripened into a judgment. Specifically, once the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation as reflected in Rule 60(b).

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 595 (6th Cir. 2006) (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 352 (6th Cir. 2003)).

The Sixth Circuit has explained when a district court may set aside a default for "good cause" under Rule 55(c):

> [T]he district court enjoys considerable latitude under the "good cause shown" standard of Rule 55(c) to grant a defendant relief from a default entry." The criteria used to determine whether "good cause" has been shown for purposes of granting a motion under Rule 55(c) are whether "(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." It has been found that a district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward.

*O.J. Distrib.,* 340 F.3d at 353 (internal citations omitted).

Finally, the Sixth Circuit has enumerated the standard for evaluating motions for relief from judgment under Fed. R. Civ. P. 60(b):

> "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." "This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."

5

"Courts . . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." "The 'something more' . . . . must include unusual and extreme situations where principles of equity *mandate* relief." "There are few cases elaborating on the 'something more' that is required. This may be explained . . . . by the fact that clauses 1-5 of the Rule cover almost every conceivable ground for relief."

*Ford Motor Co. v. Mustangs Unlimited, Inc.*, – F.3d. –, 2007 WL 1501142, *3 (6th Cir. May 24, 2007) (internal citations omitted) (emphasis in original).

Hence, the Court must determine whether HVS's request to set aside the default and default judgment should be evaluated under the "good cause" standard of Rule 55(c) or the stricter standard of Rule 60(b).

### A. Improper Service of Writ of Garnishment

HVS contends that it did not receive proper service of the garnishment writ under Mich. Ct. R. 3.101(F) and 2.105(G)(5).

Federal Rule of Civil Procedure 4(j)(2) states the acceptable methods of service on a local governmental entity:

> Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Michigan Court Rule 2.105(G)(5) provides the state law method of service on a school district:

> (G) Service of process on a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body may be made by serving a summons and a copy of the complaint on:

> . . .
>
> (5)  the president, the secretary, or the treasurer of a school district.
>
> The service of process may be made on an officer having substantially the same duties as those named or described above, irrespective of title. In any case, service may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office.

HVS maintains that the garnishment was improperly served, pointing out that the receipt indicates that the writ was sent via certified mail and was signed for by Debi Niss, a receptionist at HVS. HVS further argues that the file does not indicate that the writ was addressed to HVS's president, secretary, or treasurer.

Plaintiffs respond that HVS was aware of their claims even before the instigation of the instant lawsuit, through Notices of Supplying Labor. (Pl. Br. Ex. A). Plaintiff argues that HVS admits in its brief that it received actual notice of the lawsuit. Plaintiff points out that Ms. LeMarbe, HVS's accounting coordinator, penned a letter, as part of HVS's tardy garnishment disclosure, that acknowledged the reception of the writ of garnishment.

Under Michigan law, "[i]f the improper manner of service satisfies due process by giving sufficient notice of the claim, dismissal is not warranted. Thus, if defendant ha[s] timely and actual notice of the action, service [i]s sufficient." *Eckerson v. Michigan Dep't of Transp.*, No. 174747, 1996 WL 33349436, *2 (Mich. Ct. App. Oct. 11, 1996) (unpublished) (internal citation omitted) (applying this principle to Mich. Ct. R. 2.105(G)); *see Ibrahiem v. City of Flint*, No. 06-10940, 2006 WL 3759920, *2 (E.D. Mich. Dec. 20, 2006) (unpublished) (holding that where the city acknowledged that its agent received the summons and complaint, the city has been provided "actual notice of the suit").

Here, HVS admits that it received the garnishment writ. Furthermore, HVS submits a letter written by its accounting coordinator acknowledging the reception of the writ of garnishment and its referral to HVS's attorney. Furthermore, Rule 2.105(G) provides that service to a school district can include individuals with "substantially the same duties [as president, secretary, and treasurer] . . . . irrespective of title." Given this evidence, Plaintiffs have shown that HVS received actual notice of the writ of garnishment. *See* Mich. Ct. R. 2.105(J)(3) ("An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service").

Therefore, the Court does not accept Defendant's argument that it did not receive actual notice of the garnishment.

### B. Notice of Default

HVS argues that it did not receive proper Notice of Default, as provided by the Michigan Court Rules. HVS's position is that since Rule 64 requires that the parties following the state law procedure for garnishment, the Court must apply the Michigan Court Rule addressing default

procedure.[1] Plaintiffs have not responded to these arguments, nor otherwise have shown that HVS was served with a Notice of Default.

The Clerk's April 13, 2007 Corrected Entry of Default relied upon Fed. R. Civ. P. 55(a) in stating that HVS had failed to plead or otherwise defend the case after being served, that Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." However, Rule 55 itself does not state specifically that an alleged defaulting party must have notice of default before the Clerk can enter a default.

At the same time, Plaintiff was under Fed. R. Civ. P. 5(a) obligations to serve HVS with the notice of default. Rule 5(a) provides in relevant part:

---

[1] Michigan Court Rule 2.603(A) provides the relevant state procedure for an entry of default:

(1) If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that fact is made to appear by affidavit or otherwise, the clerk must enter the default of that party.

(2) Notice that the default has been entered must be sent to all parties who have appeared and to the defaulted party. If the defaulted party has not appeared, the notice to the defaulted party may be served by personal service, by ordinary first-class mail at his or her last known address or the place of service, or as otherwise directed by the court.

   (a) In the district court, the court clerk shall send the notice.

   (b) In all other courts, the notice must be sent by the party who sought entry of the default. Proof of service and a copy of the notice must be filed with the court.

(3) Once the default of a party has been entered, that party may not proceed with the action until the default has been set aside by the court in accordance with subrule (D) or MCR 2.612.

9

> Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

The Rule states that parties need not be served that are already in default for failure to appear when a party has "new or additional claims." That is not the case here.

Under either Michigan Rule 2.603(A) or Federal Rule 5(a), there is no indication that Plaintiff served HVS with the Notice of Default. Although Plaintiffs appear to be correct that HVS failed to provide a garnishee disclosure within fourteen days of service of the writ, Plaintiffs would only entitled to a default judgment if proper notice of the default had been given to HVS.

Even though the Court entered a default judgment against Defendant, that order was not a "final judgment" as contemplated by Fed. R. Civ. P. 54(b) and 60(b). Although Plaintiffs have received default judgments against Defendants, International Fidelity Insurance remains in the case. Additionally, this Court has not made an "express determination" that "there is not just reason for delay and upon express direction for the entry of judgment." Fed. R. Civ. P. 54(b). Since there is no "final" judgment, HVS cannot seek "relief" from that judgment under Rule 60(b). Hence, the Court finds that the proper legal evaluation of Defendant's motion is the "good cause" standard of Rule 55(c), rather than under the "exceptional and extraordinary circumstances" of Rule 60(b).

c. **Rule 55(c)**

As noted above, a party can show "good cause" for setting aside an entry of default if (1) the default was not willful; (2) set-aside would not prejudice plaintiff; and (3) the alleged defense was meritorious. *O.J. Distrib.*, 340 F.3d at 353. HVS contends that it meets all of the criteria.

HVS argues that its delay in responding to the garnishment was not "willful" since the delay was attributable to a good-faith, but mistaken belief, that Barton Malow, as the entity in charge of making payments to Defendants, was responsible for responding to the writ. Although HVS failed to file timely objections to the garnishment under Mich. Ct. R. 3.101(K), and did not request additional time to respond under Mich. Ct. R. 3.101(T), HVS filed the garnishment disclosure only five days after the fourteen-day deadline. Although in violation of the Michigan rules, HVS has shown that its actions in delaying response were not necessarily "willful."

HVS further argues that there is no prejudice to Plaintiffs in allowing the set-aside. The only prejudice identified by Plaintiffs in this Court's setting aside the entry of default and default judgment is that HVS is the only party from which Plaintiffs can recover any assets from Defendants. The default judgment provided that Plaintiffs were entitled to the full amount of judgment against Defendants, $110,485.15. However, under Rule 3.101(G)(2), HVS should only be garnisheed for the amount that it owes to Defendants – here, $98,771.93. Therefore, the Court agrees with HVS and finds that it has a meritorious defense.

Accordingly, the Court finds that HVS satisfies the equitable criteria of Rule 55(c). The Court sets aside the default and default judgment.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** HVS's Motion to Set Aside Default and Default Judgment. (Doc. No. 55).

**SO ORDERED.**

                                                  s/Paul D. Borman  
                                                  PAUL D. BORMAN  
                                                  UNITED STATES DISTRICT JUDGE

Dated: June 29, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 29, 2007.

                                                  s/Denise Goodine  
                                                  Case Manager